1
2
3
4
5
6
7
8               UNITED STATES  DISTRICT COURT
9                 Northern District of California
10                    San Francisco Division
11   CALLWAVE COMMUNICATIONS, LLC,          No. C 14-80112 JSW (LB)
12              Petitioner,                 **ORDER REGARDING CALLWAVE
                                            AND LOCATION LABS' JOINT
13        v.                                DISCOVERY DISPUTE LETTER
                                            DATED MAY 5, 2014**
14   WAVEMARKET, INC. D/B/A LOCATION
     LABS,                                  [Re: ECF No. 17]
15
              Respondent.
16   _____/
17                        **INTRODUCTION**

18       In this miscellaneous action, Petitioner Callwave Communications, LLC ("Callwave") asks the

19   court to compel Respondent Wavemarket, Inc. d/b/a Location Labs ("Location Labs"), a non-party

20   to underlying litigation in the United States District Court for the District of Delaware,[1] to comply

21   with Callwave's subpoena. *See* Petition, ECF No. 1.[2] Location Labs objected to the subpoena and

22   refused to testify or produce documents unless Callwave met certain conditions. *See* Malgeri Decl.,

23   _____

24       [1]  The subpoena was issued in *Callwave Communications LLC v. AT&T Inc., AT&T Mobility,
     LLC, and Google, Inc.*, No. 12-cv-1701 (D. Del.).  In its motion, Callwave states that it is the
25   plaintiff in five related patent infringement cases being heard in the District of Delaware and that
     Location Labs possesses materials that are relevant to at least two of them. *See* Petition, ECF No. 1
26   at 5, 7.

27       [2]  Citations are to the electronic case file ("ECF") with pin cites to the electronically-
28   generated page numbers at the top of the page.

ECF No. 3, Ex. 1 ¶¶ 4-9.  After meeting and conferring, and after Callwave agreed to several

limitations, the parties still are at odds about whether Location Labs has to produce documents in

response to Requests Nos. 1-5 and Request No. 40, and over which party has to pay for Location

Labs' expenses in responding to the subpoena generally.  *See* 5/5/2014 Joint Letter, ECF No. 17.

Upon consideration of the documents submitted, the arguments of counsel at the June 26, 2014

hearing, and the applicable authority, the court rules as follows.

## STATEMENT

This discovery dispute relates to five patent infringement actions (the "Underlying Litigation")

that currently are pending in the United States District Court for the District of Delaware in which

Callwave claims that one of its patents (U.S. Patent No. 6,771,970 (the "'970 Patent") was infringed.

*See* 5/5/2014 Joint Letter, ECF No. 17 at 1.  According to Callwave, Location Labs provides some

of the defendants to the Underlying Litigation with customized software for locating mobile devices,

which Callwave says is the infringing functionality in the defendants' products.  *Id.*

In one of those actions, *Callwave Communications LLC v. AT&T Inc., AT&T Mobility, LLC, and

Google, Inc.*, No. 12-cv-1701 (D. Del.), Location Labs has been subpoenaed to testify about 13

topics and produce documents responsive to 45 requests.  *See id.*, Ex. A, ECF No. 17-2.  Location

Labs objected to the subpoena on, among others, grounds of irrelevance, undue burden, overbreadth,

and privilege, but nevertheless provided some responses subject to its objections.  *See id.*, Ex. B,

ECF No. 17-3.  Apparently the parties met and conferred, and Callwave agreed to limit the subpoena

to address Location Labs's concerns of undue burden.  *Id.* at 2.  Callwave states that it limited its

requests to products sold to defendants to the Underlying Litigation for use in the accused products.

*Id.*  It also agreed that Location Labs could coordinate with its joint defense counsel to avoid

duplicative production.  *Id.*  It also agreed to collaborate in good faith to work out a procedure for

the production of source code.  *Id.*

Still, the parties did not resolve all of their disputes.  On April 18, 2014, Callwave filed a petition

in this district asking the court to compel Location Labs to respond to the subpoena.  Petition, ECF

No. 1.  The district court to which this miscellaneous action was assigned referred the petition to this

court for resolution.  Order Referring Case, ECF No. 7.  Pursuant to the undersigned's standing

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    order, the court denied the petition without prejudice and directed the parties to file a joint discovery

2    dispute letter instead.  4/23/2014 Order, ECF No. 11.

3        On May 5, 2014, the parties filed a joint discovery dispute letter that describes three remaining

4    issues.  Specifically, the parties are at odds over whether Location Labs must produce documents in

5    response to Callwave's Request Nos. 1-5 and No. 40 and whether Callwave has to reimburse

6    Location Labs for the expenses it incurs in responding to the subpoena.  *See* 5/5/2014 Joint Letter,

7    Appendix 1, ECF No. 17-1.  The court held a hearing on the matter on June 26, 2014.  6/26/2014

8    Minute Order, ECF No. 27.

9                                                    **ANALYSIS**

10   **I.  LEGAL STANDARD**

11       **A.  Standing and Rule 45 Subpoenas**

12       "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a

13   party to the action, unless the objecting party claims some personal right or privilege with regard to

14   the documents sought."  9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*

15   § 2459 (3d ed. 2013); *see also Crispin v. Christian Audigier, Inc.*, No. CV 09-09509 MMM (JEMx),

16   2010 WL 2293238, at *5 (C.D. Cal. May 26, 2010) (quoting Wright & Miller and providing

17   additional citations).

18       **B.  Scope of Rule 45 Discovery**

19       Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena.  The scope of

20   the discovery that can be requested through a subpoena under Rule 45 is the same as the scope under

21   Rule 26(b).  Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a

22   subpoena is the same as that applicable to Rule 34 and other discovery rules."); Fed. R. Civ. P. 34(a)

23   ("A party may serve on any other party a request within the scope of Rule 26(b).").  Unless

24   otherwise limited by court order, Rule 26(b) allows a party to obtain discovery concerning "any

25   nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This

26   includes "the identity and location of persons who know of any discoverable matter."  *Id.*  "Relevant

27   information need not be admissible at the trial if the discovery appears reasonably calculated to lead

28   to the discovery of admissible evidence."  *Id.*

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   A court must protect a nonparty subject to a subpoena if a subpoena "requires disclosure of

2   privileged or other protected matter" or the subpoena "subjects a person to undue burden." Fed. R.

3   Civ. P. 45(c)(3).  A court must also limit discovery if it is unreasonably duplicative, if it can be

4   obtained from a source that is more convenient or less burdensome, or if the burden of producing it

5   outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C).  Moreover, upon motion from a party who

6   certifies that they have conferred in good faith with the opposing party, a court may also "issue an

7   order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

8   expense[.]" Fed. R. Civ. P. 26(c).  The issuing court also may quash a subpoena if it determines that

9   the subpoena requires disclosure of "a trade secret or other confidential research, development, or

10  commercial information."  Fed. R. Civ. P. 45(c)(3)(B).

11      "On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule

12  45(c)(3), but the party issuing the subpoena must demonstrate that the discovery sought is relevant."

13  *Chevron Corp. v. Donziger,* 12–MC–80237 CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug.

14  22, 2013) (citing *EON Corp. IP Holdings, LLC v. T–Mobile USA, Inc.,* No. 12–80082 LHK (PSG),

15  2012 WL 1980361, at *1 (N.D. Cal. June 1, 2012)).

16  **C.  Shifting the Costs of Complying with a Rule 45 Subpoena**

17      Rule 45(d)(2)(B)(ii) states that, when a court orders compliance with a subpoena over an

18  objection, "the order must protect a person who is neither a party nor a party's officer from

19  significant expense resulting from compliance."  The Ninth Circuit recently provided further gloss

20  on this rule, explaining:

21          The rule was amended in 1991, and we have not interpreted the rule since its
            amendment.  The leading Court of Appeals decision to have analyzed the rule since
22          the 1991 amendment is *Linder v. Calero–Portocarrero,* 251 F.3d 178 (D.C. Cir.
            2001), which held that the amendment made cost shifting mandatory in all instances
23          in which a non-party incurs significant expense from compliance with a subpoena.
            *Id.* at 182.  It further noted that "the 1991 changes were intended 'to enlarge the
24          protections afforded persons who are required to assist the court.'"  *Id.* (quoting Fed.
            R. Civ. P. 45 advisory committee's note to the 1991 amendment).  Based on this
25          analysis, the *Linder* court held that only two considerations are relevant under the
            rule: "[1] whether the subpoena imposes expenses on the non-party, and [2] whether
26          those expenses are 'significant.'"  *Id.*  If these two requirements are satisfied, "the
            court must protect the non-party by requiring the party seeking discovery to bear at
27          least enough of the expense to render the remainder 'non-significant.'"  *Id.*

28      We agree with the D.C. Circuit's analysis of the amended rule and hold that Rule

**UNITED STATES DISTRICT COURT**
For the Northern District of California

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1
2
3
4
5
6

> 45(d)(2)(B)(ii) requires the district court to shift a non-party's costs of compliance with a subpoena, if those costs are significant. The plain language of the rule dictates our conclusion. The rule states that the district court's order compelling compliance with a subpoena "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance," Fed. R. Civ. P. 45(d)(2)(B)(ii) (emphasis added), and provides no exceptions. This language leaves no room for doubt that the rule is mandatory. Thus, when discovery is ordered against a non-party, the only question before the court in considering whether to shift costs is whether the subpoena imposes significant expense on the non-party. If so, the district court must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder "non-significant." *See Linder*, 251 F.3d at 182.

7
8
9
10

*Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (reversing a district court's denial of costs where the district court considered whether compliance was unduly burdensome for the subpoenaed non-party, rather than considering only whether the cost of producing documents was significant, when deciding whether to shift costs at all).

11
12
13
14
15

What constitutes a "significant" cost is at the discretion of the district court. *Sound Sec., Inc. v. Sonitrol Corp.*, No. 3:08-cv-05359-RBL, 2009 WL 1835653, at *1 (W.D. Wash. June 26, 2009). That said, that Ninth Circuit had "no trouble concluding that $20,000 is 'significant.'" *Legal Voice*, 738 F.3d at 1185 (citing *Linder*, 251 F.3d at 182 (noting that $9,000 may be sufficiently significant to justify cost-shifting)).

16
17
18
19
20
21
22
23
24

Yet even if the cost of producing documents is significant, this does not mean that the requesting party must necessarily bear the *entire* cost of compliance. *See id.* (If the subpoena imposes significant expense on the non-party, the district court must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder "non-significant."); *Linder*, 251 F.3d at 182 (same). Case law prior to the 1991 amendment Rule 45[3] provide several factors for courts to consider when deciding how much of the expense to shift, namely: "(1) whether the nonparty has an interest in the outcome of the case; (2) whether the nonparty can more readily bear its costs than the requesting party; and (3) whether the litigation is of public importance." *In Re Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C. 1992) (internal citations omitted); *see Linder*, 251 F.3d

25
26
27
28

---

[3] "While the drafters of new Rule 45 clearly intended to expand the protection for non-parties such as disinterested expert witnesses, *see* Advisory Committee Note to 1991 Amendment, there is no indication that they also intended to overrule prior Rule 45 case law, under which a non-party can be required to bear some or all of its expenses where the equities of a particular case demand it." *In Re Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C. 1992); *see Linder*, 251 F.3d at 182.

ORDER
C 14-80112 JSW (LB)

at 182.  The Ninth Circuit also suggested that other factors to be considered when apportioning

discovery costs include: "(1) the scope of the discovery; (2) the invasiveness of the request; (3) the

extent to which the producing party must separate responsive information from privileged or

irrelevant material; and (4) the reasonableness of the costs of production."  *United States v.*

*Columbia Broadcasting System, Inc.*, 666 F.2d 364, 371 n.9 (9th Cir. 1982).

## II.  REQUEST NOS. 1-5

Callwave's Request Nos. 1-5 collectively ask Location Labs to produce (1) documents that

Location Labs considers to be prior art to the patents-in-suit, and (2) documents and

communications relating to (a) Location Labs's searches, investigations, or analyses concerning

prior art, (b) the patentability, unenforceability, validity, infringement, level of ordinary skill in the

art, or state of the art at the time of the invention of the patents-in-suit, and (c) opinions, evaluations,

advice, and analyses, that it generated or received from the defendants to the Underlying Litigation,

regarding the same.  *See* 5/5/2014 Joint Letter, Appendix 1, ECF No. 17-1 at 1-7.  Callwave says

that Location Labs, as the inter partes review petitioner, has related prior art, and that prior art is

relevant to the claim construction and validity of the '970 Patent.   5/5/2014 Joint Letter, ECF No.

17 at 4.  It also says that opinions, evaluations, advice, and analyses that are related to patentability,

unenforceability, validity, infringement, level of ordinary skill in the art, or state of the art at the

time of the invention of the patents-in-suit are relevant to the parties' claims and defenses.  *Id.*

Location Labs objects to these requests on a number of grounds.

First, it argues that it is improper for Callwave to ask for "documents regarding validity issues

related to the '970 Patent, specifically seeking to elicit invalidity and/or non-infringement

contentions, as well as positions on the construction of any claim term or phrase" because it "has no

obligation to conduct analyses of the merits, nor to make judgments regarding prior art on a case [to

which] it is not a party."  *Id.* at 4.  While it may be true that Location Labs has no such obligation,

that is not the issue.  The issue is whether such documents are relevant to the Underlying Litigation

(the court finds that they are) and whether Location Labs has any.

Second, Location Labs argues that the information Callwave seeks may be privileged and that

requiring it to create a privilege log is unduly burdensome and costly.  *Id.*  Location Labs, however,

cites no authority holding that Rule 45 subpoenas must be quashed if they would require the producing non-party to create a privilege log. The court recognizes that creating a privilege log can be costly, but that supports shifting costs (discussed below), not necessarily quashing the subpoena.

Third, Location Labs argues that Callwave's requests are an attempt to "circumvent" the rules limiting discovery in the inter partes review proceeding it instituted with the USPTO. *Id.* Location Labs, however, cites no authority where a district court has, without the parties' agreement, quashed a subpoena or otherwise not required a non-party (or party for that matter) to produce discovery in a live action because there is a pending inter partes review proceeding.

Fourth, Location Labs says that a lot of the documents Callwave seeks likely can be sought from the defendants to the Underlying Litigation, and it then points out that courts generally hold that where an opposing part and a non-party both possess documents, the documents should be sought from the party to the case. *Id.* at 5 (citing *Soto v. Castlerock Farming and Transport, Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) ("Where plaintiffs have not shown they attempted to obtain documents from the defendant in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party."); *see also Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing a non-party subpoena duces tecum where the discovery sought was "obtainable from a source more direct, convenient, and less burdensome [than the non-party]—namely, from Defendants.") (citing Fed. R. Civ. P. 26(b)(2)(c)). Callwave did not respond to this argument in the joint letter.

At the hearing, the parties identified three areas of discovery: (1) source code; (2) core technical documents; and (3) the extent Location Labs is indemnifying defendants. The parties also said that the impediment to disclosure was the parties' failure to agree on cost shifting. Callwave's argument is that the equities do not militate in favor of cost-shifting because Location Labs is the real party in its litigation. Location Labs contends that cost-shifting ought to occur. No one had any information about the actual costs of the discovery. The court needs to know the actual costs (e.g., a specific dollar amount) before it can determine whether they are significant.

The court ordered the following.

First, Location Labs said that it already disclosed core technical documents to defendant AT&T.

If it did, then the costs of disclosing them to Callwave should be negligible.  Callwave also must ask AT&T to disclose them (but the caveat is that this is an easy and non-costly disclosure, so one way or another, this disclosure should happen easily).  If Location Labs has "significant" costs, then it must tell Callwave what they are.  Callwave suggested that maybe the core technical documents would not be enough because they might not disclose the interface and other technical specifications.  That seems somewhat unlikely given that AT&T and the other defendants presumably would need to know this information to implement the technology.  That being said, if it is not enough, Callwave can ask for more.  If the costs are significant, then the parties can raise the issue with the court.

Second, Callwave can start by asking the defendants in its litigation about indemnification agreements.  Even if Location Labs were to produce them, however, it does not seem like they would be too costly to produce.  If they are, then Location Labs needs to say how much it costs so that the court can conduct a Rule 45 cost-shifting analysis under the legal standard discussed above.

Third, the parties agreed that source code can be produced only by Location Labs.  Location Labs must ask its engineers what the costs to do this are and tell Callwave.  Again, this does not necessarily seem like it would be particularly costly.  To the extent that the parties disagree about the appropriate protections for the source code, this is a standard problem that is capable of being resolved through a standard protective order.  Still, if the parties cannot resolve the issue on their own, they may seek the court's assistance.

## III.  REQUEST NO. 40

A related issue is that in the letter brief, the parties disagreed about whether discovery related to Callwave's potential damages is appropriate.  Callwave's Request No. 40 asks Location Labs to produce documents and communications relating to the profitability, revenue of, pricing, or return on investment relating to Location Labs's products or the accused products.  5/5/2014 Joint Letter, Appendix 1, ECF No. 17-1 at 8.  Callwave says that this information is relevant to its damages because it will shed light on the profits attributable to the patented invention (as distinguished from the non-patented elements).  *Id.* at 5 (citing *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 111, 1120 (S.D.N.Y. 1970) (listing a variety of factors courts often consider when

UNITED STATES DISTRICT COURT
For the Northern District of California

1  determining the reasonable royalty for a patent).

2      Location Labs says that the information sought is its confidential, proprietary business and

3  financial information and points out that when a subpoena requires a non-party to disclose a trade

4  secret or other confidential research, development, or commercial information, Rule 45(d)(3) allows

5  the court to order the information produced under specified conditions if the serving party "(I) shows

6  a substantial need for the testimony or material that cannot be otherwise met without undue

7  hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated."  Location

8  Labs argues that Callwave has not shown that it has a substantial need for the information because it

9  has not shown that it cannot get the information from the defendants to the Underlying Litigation,

10  *see Nidec*, 249 F.R.D. at 577, or that it cannot calculate the reasonable royalty without Location

11  Labs's information.

12      At the hearing, the parties discussed briefly Callwave's argument that the information really is

13  needed to attribute profits.  As in the last section, the controversy revolved primarily around cost-

14  shifting.  The court has no fact record to assess whether any costs attributable to damages discovery

15  are significant.  The court presumes Callwave has told Location Labs exactly what it wants.

16  Location Labs must say how much the discovery will actually cost (by category, preferably).  If

17  there are significant costs, then the parties may raise the issue in a new letter brief.  If there are

18  issues about the protective order, the parties may raise those issues too.

19                                    **CONCLUSION**

20      The bottom line is that to determine whether the costs even can be shifted (let alone to determine

21  how much they should be shifted), the court must first determine whether the costs are "significant."

22  Fed. R. Civ. P. 45(d)(2)(B)(ii); *Legal Voice*, 738 F.3d at 1184.  The problem here is that Location

23  Labs did not even tell the court how much it estimates it will spend to comply with the subpoena, let

24  alone provide any evidence to support that amount.  Without a specific dollar amount, the court

25  cannot say whether Location Labs's costs are significant.  In this situation, the court directs the

26  process discussed above to identify the costs for producing the requested information.  The court

27  will not order cost-shifting without a record.  Callwave's equitable argument about the

28  appropriateness of cost-sharing still must be analyzed in the context of the costs.

ORDER
C 14-80112 JSW (LB)

9

1    Accordingly, the court requires the parties to proceed as directed above.  They may file another

2  letter should problems remain.  This disposes of ECF No. 17.

3    **IT IS SO ORDERED.**

4  Dated: June 26, 2014                                     _____

5                                                          LAUREL BEELER
                                                           United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

ORDER
C 14-80112 JSW (LB)